FILED

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2013 JUN 19 P 2: 00

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| MURATA MANUFACTURING CO., LTD.<br>10-1, Higashikotari 1-Chome<br>Nagaokakyo-Shi<br>Kyoto, Japan 617-8555 | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil No. 1:13cv742 |
| | * | CMH/JFA |
| Teresa Stanek REA, in Her Official Capacity as | * | |
| Acting Under Secretary of Commerce | * | |
| for Intellectual Property and Acting Director | * | |
| of the United States Patent and Trademark Office, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| | * | |

### PETITION FOR WRIT OF MANDAMUS

Petitioner, Murata Manufacturing Co., Ltd. ("Murata"), by counsel, hereby sets forth its

Petition for Writ of Mandamus against Respondent, United States Patent and Trademark Office

("USPTO"), as follows:

#### Jurisdiction, Parties and Venue

1.      This is an action seeking to compel the USPTO to adjudicate four (4) long-

pending inter-partes reexaminations of four (4) U.S. patents.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and

§ 1361.

3.      Petitioner Murata is a Japanese corporation, with its principal place of business in

Kyoto, Japan.

13. On September 28, 2011, the USPTO issued a Right of Appeal Notice ("RAN"), FINAL DECISION, re-affirming that all the claims were unpatentable and acknowledging that the inter partes reexamination proceeding was required to be conducted with special dispatch.

14. On October 28, 2011, Patent Owner filed a notice of appeal.

15. On January 4, 2012, Patent Owner filed an Appeal Brief

16. On June 15, 2012, the USPTO issued an Examiner's Answer responding to Patent Owner's Appeal Brief.

17. On July 16, 2012, Patent Owner filed a Rebuttal Brief.

18. On August 6, 2012, Murata filed a Petition under 37 CFR § 41.3 to Invoke Special Status for Reexamination Involved in Litigation ("Special Status Petition").

19. On August 15, 2012, Murata filed a request for Oral Hearing.

20. On August 17, 2012, the USPTO issued a Decision on Petition granting the Special Status Petition.

21. On September 19, 2012, the Patent Trial and Appeal Board ("PTAB") issued a PTAB Docketing Notice and assigned the case Appeal No. 2012-012209. This was more than ten (10) months after the notice of appeal was filed.

22. On October 17, 2012, an oral hearing was held on the appeal.

23. On March 29, 2013, Patent Owner filed a petition to suspend and terminate the inter partes reexamination proceeding. The petition was based on parallel infringement litigation involving Patent Owner and Murata.

24. On April 23, 2013, Murata submitted an opposition to Patent Owner's petition. The opposition is based on (1) the fact that there has not been a final decision issued in the

litigation; and (2) even if a final decision is issued, it will not apply to most of the claims subject to reexamination.

25.    As of the filing of this Petition, no decision has been rendered on the appeal.

26.    More than nineteen (19) months have passed without a decision since the notice of appeal was filed.

27.    More than seven (7) months have passed since the hearing on the appeal without a decision.

28.    Approximately eight (8) months have passed with no decision since the PTAB docketed the '207 appeal.  By the time the USPTO's Response to this Petition for Writ of Mandamus is due, it will be approximately ten (10) months since the PTAB docketed the '207 appeal.

29.    The USPTO publishes on its website the number of inter partes reexamination appeals that took more than ten (10) months from the PTAB docketing to a decision.  The currently published statistics for that measure cover the period May 2010 through March 2011.[1]  During most of that period, there was not a single inter partes reexamination appeal that the PTAB took more than ten months to decide after docketing.  These statistics are currently published   at   http://www.uspto.gov/ip/boards/bpai/dashboards/intrprtsrexam/index.jsp   (last accessed June 15, 2013).

---

[1]      Beginning April 2011 the PTO recalibrated the statistical measure of pendency it considered acceptable to remain in "green" status, from ten months down to six months.  As explained by the PTO on its website: "[e]ffective April 2011 the number of months a case may remain in a green status for reexamination cases has been reduced from 10 months to 6 months, reflecting progress towards the overall reduction in reexamination appeal pendency to date."  The most recently published month, September 2012, showed 13 out of 72 inter partes reexamination appeals taking more than six months from docketing to decision.

30.     Reexamination Control No. 95/001,207 has been pending for more than three and a half (3½) years without a final resolution. The matter has been fully briefed and argued. All that remains is for a decision to be rendered.

31.     The required PTAB decision will necessarily impact the need for, and substance of, a petition for certiorari to the United States Supreme Court from the Federal Circuit decision rendered on March 13, 2013 by the United States Court of Appeals for the Federal Circuit *SynQor, Inc. v. Artesyn Technologies*, Appeal Nos. 2011-1191, 2011-1192, 2011-1194, 2012-1070, 2012-1071, 2012-1072. The Petition for Rehearing En Banc in those consolidated appeals was denied on May 19, 2013.

32.     The USPTO has thus failed to address the issues raised in this reexamination with "special dispatch."

**Reexamination Control No. 95/001,206**
**U.S. Patent No. 7,272,021**

33.     On August 19. 2009, Murata filed a corrected Request for Inter Partes Reexamination of U.S. Patent No. 7,272,021 ("the '021 Patent") under 35 U.S.C. §§ 311-318 and 37 C.F.R. §§ 1.902 et seq.   The Request was assigned Reexamination Control No. 95/001,206. The Request requested reexamination of claims 1, 9, 15, 16, 21-27, 29-31, 39 and 45-47 of the '021 Patent.

34.     On October 15, 2009, the USPTO ordered inter partes reexamination of the '021 Patent.

35.     On February 18, 2011, the USPTO issued an ACP  rejecting claims 1, 9, 15, 16, 21-27, 29-31, 39 and 45-47 of the '021 Patent.

36.     On September 2, 2011, the USPTO issued a Right of Appeal Notice ("RAN"), FINAL DECISION, re-affirming the ACP's rejection of the pertinent claims and acknowledging

5

that the inter partes reexamination proceeding was required to be conducted with special dispatch.

37.     On October 3, 2011, Patent Owner filed a notice of appeal.  Under 37 CFR § 41.66(a), the deadline for Patent Owner to file Appellant's Brief was December 3, 2011, and was non-extendible. *See* 37 CFR § 41.66(a) ("The time for filing an appellant's brief or an amended appellant's brief may not be extended.").

38.     On November 21, 2011, despite the statutory requirement for special dispatch, the USPTO waived 37 CFR § 41.66(a) which prohibits an extension of time and granted the Patent Owner an extension of time for filing an appeal brief for an entire month, through January 3, 2012.   In so doing, the USPTO relied on 37 CFR § 1.183, which applies only in "an extraordinary situation, when justice requires."

39.     On December 23, 2011, again despite the statutory requirement for special dispatch and despite having already waived the prohibition against an extension of time once, the USPTO again waived 37 CFR § 41.66(a) and extended the time to file an appeal brief yet another month, through February 2, 2012.

40.     On January 25, 2012, again despite the statutory requirement for special dispatch and despite having already waived the prohibition against an extension of time twice, the USPTO for a third time waived 37 CFR § 41.66(a) and extended the time to file an appeal brief for a third month, through March 3, 2012.

41.     On March 5, 2012, Patent Owner filed its first Appeal Brief with a Petition Under 37 C.F.R. § 1.183 to Waive Page Limit Set by 37 C.F.R. § 1.943(c) (Waiver Petition) to request waiver of the word limit because the first Appeal Brief contained 14,617 words according to Patent Owner's certification of the word count.

42.     On March 12, 2012, USPTO issued an Inter Partes Reexamination Notification re Brief stating that the Patent Owner's Appellant Brief filed on March 5, 2012, was defective and gave the Patent Owner yet another month to file a proper appeal brief. The Notification gave Patent Owner until April 12, 2012, to "take corrective action to avoid dismissal of the appeal." The Notification further stated that no extension of this period may be obtained, citing 37 CFR § 41.67(d).

43.     On April 12, 2012, the Patent Owner filed a response to the USPTO's Inter Partes Reexamination Notification re Brief addressing the USPTO's identified defects in the Patent Owner's Appellant Brief.

44.     On April 16, 2012, Murata filed its first Respondent's Brief.

45.     On August 23, 2012, the USPTO issued its first Examiner's Answer.

46.     On September 24, 2012, Patent Owner filed its first Rebuttal Brief which, under the rules, should have completed the briefing.

47.     On October 6, 2012, Murata filed a petition under 37 CFR § 41.3 to Invoke Special Status for Reexamination Involved in Litigation to request expedited consideration.

48.     On October 12, 2012, PTAB issued a decision denying Patent Owner's Petition for waiver of 37 CFR § 1.943(c) requiring Appeal Brief not to exceed 30 pages in length or 14,000 words and giving Patent Owner one month from the date of the decision to file a brief that is in compliance with 37 CFR § 1.943(c).

49.     On October 23, 2012, Patent Owner filed a Request to file an Opposition to the Special Status Petition.

50.     On October 23, 2012, Patent Owner filed a request for Oral Hearing.

7

51.    On October 24, 2012, Murata filed a Reconsideration Petition requesting that the Board reconsider the October 12, 2012 decision.

52.    On November 13, 2012, Patent Owner filed a Corrected Appellant Brief, its second full appeal brief.

53.    On November 16, 2012, the Central Reexamination Unit of the USPTO issued a communication stating that this reexamination was being transferred to PTAB.

54.    On November 28, 2012, Murata filed a Notice to the PTAB stating that Murata was not going to file another Respondent Brief, that its Reconsideration Petition was moot, and that its Special Status Petition was ripe for review.

55.    On November 28, 2012, Murata filed a petition to request that the PTAB consider its Petition under 37 CFR § 41.3 to Invoke Special Status for Reexamination Involved in Litigation.

56.    On February 6, 2013, PTAB  issued a decision which, *inter alia*, held that the Patent Owner's corrected Appellant's Brief, filed November 13, 2012, to be non-compliant with 37 CFR § 1.943(c) for exceeding the page limit and word count requirement and gave the Patent Owner another, non-extendable time period of 14 days from the date of the decision (or until February 20, 2013) in which to file a corrected Brief.

57.    On February 20, 2013, Patent Owner filed a Corrected Appellant Brief, its third full appeal brief.

58.    On March 7, 2013, Murata filed its second Respondent's Brief.

59.    The USPTO has yet to issue an Examiner's Answer.

60.     On March 29, 2013, Patent Owner filed a petition to suspend and terminate the inter partes reexamination proceeding. The petition was based on parallel infringement litigation involving Patent Owner and Murata.

61.     On April 26, 2013, Murata submitted an opposition to Patent Owner's petition. The opposition is based on (1) the fact that there has not been a final decision issued in the litigation; and (2) even if a final decision is issued, it will not apply to most of the claims subject to reexamination.

62.     As of the filing of this Petition, the PTAB has not issued a PTAB Docketing Notice. So far, it has been more than twenty (20) months since the notice of appeal was filed.

63.     As of the filing of this Petition, the PTAB has not scheduled an oral hearing for the appeal in this reexamination.

64.     More than twenty (20) months have passed without an oral hearing since the notice of appeal was filed.

65.     Reexamination Control No. 95/001,206 has been pending for more than three and a half (3½) years without a final resolution.

66.     The USPTO has thus failed to address the issues raised in this reexamination with "special dispatch."

## Reexamination Control No. 95/001,405
## U.S. Patent No. 7,558,083

67.     On July 23, 2010, Murata filed a Request for Inter Partes Reexamination of U.S. Patent No. 7,558,083 ("the '083 Patent") under 35 U.S.C. §§ 311-318 and 37 C.F.R. §§ 1.902 et seq. The Request was assigned Reexamination Control No. 95/001,405. The Request requested

reexamination of claims 1, 5, 6, 8, 9, 11, 13-16, 18, 20-22, 26, 27, 29-33, 35, 37-40, 42, 45, 46, 49, 51 and 52 of the '083 Patent.

68.    On October 19, 2010, the USPTO ordered inter partes reexamination of the '083 Patent.

69.    On July 27, 2012, the USPTO issued a Right of Appeal Notice ("RAN"), FINAL DECISION, indicating prosecution was closed and that claims 1, 5, 6, 8, 9,11, 13-16, 18, 20-22, 26, 27, 29-33, 35, 37-40, 42, 45, 46, 49, 51, 52, 55, and 56 of the '083 Patent were rejected as unpatentable.

70.    On August 27, 2012, Patent Owner filed a notice of appeal.

71.    On October 31, 2012, Patent Owner filed an Appeal Brief.

72.    On February 1, 2013, the USPTO issued an Examiner's Answer.

73.    On March 1, 2013, Patent Owner filed a Rebuttal Brief.

74.    On March 27, 2013, Patent Owner filed a request for Oral Hearing.

75.    On March 29, 2013, Patent Owner filed a petition to suspend and terminate the inter partes reexamination proceeding.  The petition was based on parallel infringement litigation involving Patent Owner and Murata.

76.    On April 29, 2013, Murata submitted an opposition to Patent Owner's petition. The opposition is based on (1) the fact that there has not been a final decision issued in the litigation; and (2) even if a final decision is issued, it will not apply to most of the claims subject to reexamination.

77.    As of the filing of this Petition, the  PTAB has not issued a PTAB Docketing Notice.  So far, it has been more than nine (9) months since the notice of appeal was filed.

78.     As of the filing of this Petition, the PTAB has not scheduled an oral hearing for the appeal in this reexamination.

79.     More than nine (9) months have passed without an oral hearing since the notice of appeal was filed.

80.     Reexamination Control No. 95/001,405 has been pending for almost three (3) years without a final resolution. All actions required of the parties and by the Examiner have been completed. All that remains is for the USPTO to schedule and rule upon the appeal.

81.     The USPTO has thus failed to address the issues raised in this reexamination with "special dispatch."

**Reexamination Control No. 95/001,406**
**U.S. Patent No. 7,564,702**

82.     On July 23, 2010, Murata filed a Request for Inter Partes Reexamination of the U.S. Patent No. 7,564,702 ("the '702 Patent") under 35 U.S.C. §§ 311-318 and 37 C.F.R. §§ 1.902 et seq. The Request was assigned Reexamination Control No. 95/001,406. The Request requested reexamination of claims 1-9, 11-20, 22-26, 28-36, 38-47, 49-53, 55-62, 64-67, 69-76 and 78-89 of the '702 Patent.

83.     On October 19, 2010, the USPTO ordered inter partes reexamination of the '702 Patent.

84.     On August 21, 2012, the USPTO issued a Right of Appeal Notice (RAN), FINAL DECISION, that rejected all of claims 1-9, 11-20, 22-26, 28-36, 38-47, 49-53, 55-62, 64-67, 69-76 and 78-89 of the '702 Patent as unpatentable and closed prosecution.

85.     On September 21, 2012, Patent Owner filed a notice of appeal.

86.     On November 21, 2012, Patent Owner filed an Appellant Brief.

87.     On December 20, 2012, Murata filed a Respondent Brief.

11

88.    On February 1, 2013, the USPTO issued an Examiner's Answer.

89.    On March 1, 2013, Patent Owner filed a Rebuttal Brief.

90.    On March 27, 2013, Patent Owner filed a request for Oral Hearing.

91.    On March 29, 2013, Patent Owner filed a petition to suspend and terminate the inter partes reexamination proceeding.  The petition was based on parallel infringement litigation involving Patent Owner and Murata.

92.    On April 26, 2013, Murata submitted an opposition to Patent Owner's petition. The opposition is based on (1) the fact that there has not been a final decision issued in the litigation; and (2) even if a final decision is issued, it will not apply to most of the claims subject to reexamination.

93.    As of the filing of this Petition, the PTAB has not issued a PTAB Docketing Notice.  So far, it has been more than eight (8) months since the notice of appeal was filed.

94.    As of the filing of this Petition, the PTAB has not scheduled an oral hearing for the appeal in this reexamination.

95.    More than eight (8) months have passed without an oral hearing since the notice of appeal was filed.

96.    Reexamination Control No. 95/001,406 has been pending for almost three (3) years without a final resolution.  All actions required of the parties and the Examiner have been completed.  All that remains is for the USPTO to schedule and rule upon the appeal.

97.    The USPTO has thus failed to address the issues raised in this reexamination with "special dispatch."

## CLAIM FOR RELIEF

98.     The timely adjudication of the reexaminations filed by Murata is a non-discretionary, ministerial act that a federal court can order be done through a writ of mandamus pursuant to 28 U.S.C. § 1361.

99.     As alleged above, the USPTO is required by 35 U.S.C. § 314(c) to address the issues raised in the inter partes reexaminations with "special dispatch."

100.    Although "special dispatch" is not defined by statute, it should be given its ordinary, contemporary, common meaning.  "It does not admit of an indefinite suspension of reexamination proceedings...." *Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988)

101.    Under no circumstances can periods of three (3) or four (4) years be considered to be "special dispatch."

102.    The USPTO has thus failed to address the issues raised in these Reexaminations with "special dispatch."

## REQUEST FOR RELIEF

WHEREFORE, Murata Manufacturing Co., Ltd. requests:

A.     That a writ of mandamus be issued directing the USPTO to conduct all inter partes reexamination proceedings with special dispatch consistent with 35 U.S.C. § 314(c);

B.     That a writ of mandamus be issued directing the USPTO to issue a ruling in Reexamination Control No. 95/001,207 within thirty (30) days;

C.     That a writ of mandamus be issued directing the USPTO to issue a ruling in Reexamination Control Nos. 95/001,206, 95/001,405 and 95/001,406 within ninety (90) days; and

D.      Such other relief as the Court deems appropriate.

14

Respectfully submitted,

**MURATA MANUFACTURING CO., LTD.**

By: _____
Kurt C. Rommel
Virginia State Bar No. 20466
D. Margeaux Thomas
Virginia State Bar No. 75582
Attorneys for Plaintiff

Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: 703-903-9000
Fax: 703-610-8686
krommel@milesstockbridge.com
mthomas@milesstockbridge.com

OF COUNSEL

Michael R. Fleming
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: 703-903-9000
Fax: 703-610-8686

15